UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>KRISTOPHER LEE DALLMANN, (1)<br>DOUGLAS M. COURSON, (3)<br>FELIPE GARCIA, (4)<br>JARED EDWARD JAUREQUI, (5)<br>PETER H. HUBER, (6),<br>Defendants. | Case No. 2:22-cr-00030-RFB-DJA<br>Las Vegas, Nevada<br>Tuesday, May 28, 2024<br>4:49 p.m.<br>JURY TRIAL - DAY 1<br>P.M. SESSION - VOLUME II<br>***C E R T I F I E D C O P Y*** |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

THE HONORABLE RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE

APPEARANCES: See Pages 2 and 3

COURT REPORTER: Patricia L. Ganci, RMR, CRR
United States District Court
333 Las Vegas Boulevard South, Room 1334
Las Vegas, Nevada 89101

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

APPEARANCES:

For the Government:

**JESSICA OLIVA, AUSA**
**EDWARD VERONDA, AUSA**
U.S. ATTORNEY'S OFFICE
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6268

and

**MICHAEL CHRISTIN, ESQ.**
**CHRISTOPHER S. MERRIAM, ESQ.**
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
1301 New York Avenue, NW, Suite 600
Washington, DC 20530
(202) 514-1026

For Defendant Kristopher Lee Dallmann:

**LARONDA R. MARTIN, ESQ.**
**KEVIN ANDRE TATE, ESQ.**
**RICK MULA, ESQ.**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577

For Defendant Douglas M. Courson:

**PAOLA M. ARMENI, ESQ.**
**AUSTIN T. BARNUM, ESQ.**
CLARK HILL
1700 South Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
(702) 862-8300

For Defendant Felipe Garcia:

**WILLIAM H. BROWN, ESQ.**
**CHRISTOPHER MISHLER, ESQ.**
BROWN MISHLER, PLLC
911 N. Buffalo Drive, Suite 202
Las Vegas, Nevada 89128
(702) 816-2200

APPEARANCES CONTINUED:

For Defendant Jared Edward Jaurequi:

**RUSSELL MARSH, ESQ.**
**SUNETHRA MURALIDHARA ESQ.**
WRIGHT MARSH & LEVY
300 S. 4th Street, Suite 701
Las Vegas, NV 89101
(702) 382-4004

For Defendant Peter H. Huber:

**KATHLEEN BLISS, ESQ.**
KATHLEEN BLISS LAW
170 South Green Valley Parkway, Suite 300
Henderson, Nevada 89012
(702) 318-7375

and

**MILAN CHATTERJEE, ESQ.**
MILAN'S LEGAL
3172 N. Rainbow Boulevard, Suite 1406
Las Vegas, Nevada 89109
(702) 538-3749

LAS VEGAS, NEVADA; TUESDAY, MAY 28, 2024; 4:49 P.M.

--oOo--

P R O C E E D I N G S

THE COURT: Okay. Here we go.

MS. BLISS: Your Honor, one second.

THE COURT: Oh. Are we ready to go back on the record with our interpreters?

MS. BLISS: I need to -- my client needs to ask a question.

(Attorney Bliss conferring with Defendant Dallmann.)

MS. BLISS: Your Honor, may he step out for a minute?

THE COURT: No. We just need to do this quickly, and then he'll be able to step out in a minute. So just give me a few minutes. I want to go through this, and then we'll go through the challenges. And when we're doing the challenges, I'll excuse him if he needs to be excused for a moment, but I want him to stay for this portion of it.

MS. BLISS: Okay. Very good.

THE COURT: Are we set up for the interpreting? Because I don't see the headphone.

COURTROOM ADMINISTRATOR: For the what, Judge?

THE COURT: He needs to put the headphones on. Okay.

First -- so 14 and 9, I don't see why I wouldn't excuse them.

MR. MERRIAM: And I apologize, Your Honor. I didn't

hear the first part of what you said.

THE COURT: I'm going to excuse Jurors 14 and 9 for cause, right. That involves this alleged illegal business here. I don't want to ask them questions about how they -- what they did with it, what they know about it, their participation in it. They may feel negatively motivated one way or another. So --

COURTROOM ADMINISTRATOR: Your Honor, I'm sorry. Is there a problem?

THE COURT: So, from the Government?

MR. MERRIAM: Your Honor, did they say unequivocally that they were subscribers to the service or that they knew about it? Because the Court asked in the same way, I believe, that they asked about the other services that were out there. And knowledge of it isn't going to be disqualifying. They said they were --

THE COURT: You're right. I did ask it, I think, "or." So if they say they ever subscribed, then they absolutely need to be excused.

MR. MERRIAM: I...

THE COURT: If you're saying to me that you think just their knowledge of it or having heard of it, that may not be enough. So I think that's a fair point to clarify.

MR. MERRIAM: And I would ask that they be brought in individually, and if the Court can just ask that one question.

THE COURT: Okay.

MR. MERRIAM: Your Honor, if I may. Before we move to that, I just need to make the record on this. We have two actions. One, Number 78, who is --

THE COURT: You don't need to make the record now. Okay. I need to get through what we're getting through now.

MR. MERRIAM: But --

THE COURT: We do not need to make the record now. I want to get through where we are right now. And then when we get to the final before we make the final choices, we can talk about who may be a potential juror or not. Right now I want to get this information clarified.

MR. MERRIAM: Understood, Your Honor.

THE COURT: Okay. All right. Any reason why we can't bring these jurors in to ask them that particular question?

MS. BLISS: No, Your Honor.

THE COURT: Okay. Let's bring in Juror Number 9, first.

Okay. Right here at the podium, just really quickly.

A PROSPECTIVE JUROR: Okay.

THE COURT: I had asked a questions about Jetflicks. Are you a subscriber or have you just heard of it?

A PROSPECTIVE JUROR: Not a subscriber, no.

THE COURT: You have just heard of the name?

A PROSPECTIVE JUROR: Yeah.

THE COURT: Okay. Thank you.

A PROSPECTIVE JUROR: Oh, I should -- I should -- okay. Yeah.

THE COURT: No, no. If you have something else you wanted to add to that.

A PROSPECTIVE JUROR: I've heard of it because obviously it overlapped with my business, not directly, but we always got DMCAs and I'm familiar with Title 17 and everything like that when I was running a data center. And so when that happened in Las Vegas, I'm familiar with the case.

THE COURT: So you heard about there being activity regarding that company?

A PROSPECTIVE JUROR: Yeah, yeah.

THE COURT: So if I asked you to disregard whatever you may have read and to just consider the facts and law in this case and be fair and impartial, could you do that?

A PROSPECTIVE JUROR: Oh, yeah. That's no problem. I thought it was done, so...

THE COURT: Thank you.

A PROSPECTIVE JUROR: Yeah. Thanks.

THE COURT: Number 14.

Right up here. Right up here. Just to the podium really quickly, sir. You know, I had asked you about the Jetflicks. Were you a subscriber to that service or have you just heard about it?

A PROSPECTIVE JUROR: No, I know about it from covering

the news.

THE COURT: From covering the news. Okay. So if I -- if I directed you if you're selected as a juror to disregard whatever you read and just consider the facts and the law as I give it to you and be fair and impartial, you think you could do that?

A PROSPECTIVE JUROR: Yes.

THE COURT: All right. Thank you. All right.

Okay. So I'm glad we asked for that clarification. So I will not be excusing them for cause. I will excuse for cause Juror Number 69 and 78 for scheduling conflicts. Okay?

We've already lost a spot for 16 that we can't fill. So now what's going to happen is this, right. We're going to exercise our challenges. We're going to double-check the list.

And as Ms. Smith does that, and we'll have you check the list -- oh, no. Darci.

(Court conferring with courtroom administrator.)

MS. BLISS: Your Honor, is this a good time for Mr. --

THE COURT: Yes.

MS. BLISS: -- Huber to step out?

THE COURT: Well, okay. So I'm just going to explain to you you're going to get -- because of the number of jurors that we've lost and I want to keep the number of jurors, potential jurors, that I've discussed, you'll each get two challenges, Defense team. You don't have to collaborate. You

each get two. If you would like to collaborate, you can. But you each get two, right. There will be six rounds. And so you have to at least use your challenges in the last two rounds. Otherwise, you lose them. So if you get to Round 5 and you haven't used one, right, you can't use them both in the final round, in Round 6. Okay?

All right. If he needs to step out for a moment, that's fine. We're going to give you the list, right. I'm going to excuse him for that process, Ms. Bliss, because we're going to start. In other words, we're going to finalize this list, and then you're just going to start.

So I would ask you, while we do this list, to be prepared. I'm not going to give you minutes and minutes, right. You'll have about 30 seconds to be able to figure out what you want to do.

(Pause.)

MS. MURALIDHARA: Judge, are you giving us time right now to collaborate? Is that what I heard?

THE COURT: You can, yes. If you would like to, you can do that.

MS. MURALIDHARA: It's, what, five minutes you're giving us?

THE COURT: As long as it takes for us to do to list.

MS. MURALIDHARA: All right. Thank you.

THE COURT: Which will probably be about five minutes

and print it out. Now, what I will tell you, here's the other thing to keep in mind. So there's going to be a total of 16 jurors. Okay. And there are 16 challenges, which means obviously we're giving you the full list. I'm telling you that now. Because we still will have I think approximately 37, I believe, potential jurors, which is slightly over the number in terms of the challenges.

If you're exercising your challenge on someone who's 37, there's a good chance it may not matter, right, because they may not end up on the jury because of the number of challenges and the way it goes. Just keep that in mind. I'm giving you the full list, but keep in mind that we only take the first 16 based upon the challenges. So you all can do the math. I know you're lawyers, not mathematicians, but you can figure that part out.

MR. MISHLER: I got a calculator on my phone.

THE COURT: Okay.

MS. BLISS: You want to just go in the witness room?

MR. MISHLER: Yes.

MR. MARSH: Your Honor?

THE COURT: Yes.

MR. MARSH: Are you not entertaining strikes for cause at this point, the motions for strike for cause?

THE COURT: You think there are additional people that you haven't previously raised based upon answers? If you do

not -- if you raised it previously and I've considered it, that's fine. If you could have raised it and you're now raising it on answers previously given, yes, it's too late for that. If you have previously raised it or it's in response to what was said since then, you can make a record for that.

In other words, I'm not going to -- I'm not going to entertain strikes for cause that could have been raised earlier unless they're based upon subsequent answers in the individual voir dire.

MR. MARSH: Understood, Your Honor. Thank you.

THE COURT: Uh-huh.

Do any of you have anything like that?

MR. MERRIAM: Not from the Government.

THE COURT: All right. Okay.

Okay. I'm not sure why you guys are walking outside.

MS. ARMENI: We're going to go --

THE COURT: No, no, no. We don't have time for that. You guys need to just huddle over here. It's 5 o'clock. We need to just figure this out or huddle someplace else. Because the moment you leave, it takes time for us to get everyone back in and I want to get this done.

(Recess taken at 4:59 p.m.)

(Resumed at 5:05 p.m.)

THE COURT: All right. Here we go. You all come back over here, please.

COURTROOM ADMINISTRATOR: The Government gets it first, Judge?

THE COURT: What's that?

COURTROOM ADMINISTRATOR: One copy?

THE COURT: No, they can have -- no, you want to make another copy? So there will be just be one official copy, though.

COURTROOM ADMINISTRATOR: Okay. There's just one official, but you want me to make some for them?

THE COURT: Yes, so they can at least see it if they want to point out an error.

COURTROOM ADMINISTRATOR: You got it.

THE COURT: So they can each get their own.

So what's going to happen is we'll start with the Government.

COURTROOM ADMINISTRATOR: I'm going to give you some more. Who starts, Judge, the Government?

THE COURT: The Government starts.

COURTROOM ADMINISTRATOR: So this first one is the official. So you keep that. Don't write on it.

MR. CHRISTIN: Don't touch it. Okay. Just hold on it.

THE COURT: Just look at it and check it. And when you look at it, what you will see -- you're going to get your own copies to pass around -- is it's -- if you haven't seen this one before, there's a C column for challenge where it says

peremptory. You need to write in the bigger column next to it Government or which defendant is challenging. So when you see it, you put a C where the challenge is going to be, and then for the Government you write Government. For whichever defendant you write which ever defendant it's going to be. But that way I know which of you have used your challenges. Okay?

(Discussion held off the record.)

MR. MISHLER: And, again, I apologize, Your Honor. I just want to confirm on this list at 16 it says "empty."

THE COURT: That's because we had no juror to fill for that. We ran out.

MR. MISHLER: Right. But the expectation is it would just move up from the next spot down, right, not filling from 40 up?

THE COURT: Correct. So --

MR. MISHLER: Okay. I just wanted to make sure. That was my understanding.

THE COURT: So that spot will be filled by Number 17, whoever.

MR. MISHLER: Totally fine. I just wanted to make sure we were all on the same page.

MR. TATE: Where do we put the defendant's name on this sheet?

THE COURT: Where the small column that it says C, that's where you put C for challenge. So under the title that

says peremptory, that's where you put your -- if it's the Government, you write Government. If it's the defendant, you write the defendant's name.

So in that column where it says -- the larger column that says peremptory, it's either going to say Government or it's going to say Dallmann or Garcia or Jaurequi or Courson, right, or Huber.

So let's get started. Okay. The Government, exercise your first challenge now.

COURTROOM ADMINISTRATOR: I'm sorry, Government?

THE COURT: Government.

MR. CHRISTIN: I write on the official now or do I write --

THE COURT: Yes.

COURTROOM ADMINISTRATOR: Now.

MR. CHRISTIN: Now. Thank you.

And then should I pass this over or bring it to the Court?

THE COURT: No, pass it over and so you can all see.

You can say out loud who the person was who was challenged. I mean, that part is easy. Who's challenged by the Government on the first round?

MR. CHRISTIN: The Government struck Number 4, Your Honor.

THE COURT: Number 4. Let's just make it easy. Let's

just do it that way. I'll just ask. We'll go around rather than having to worry about whispering and whatnot.

So the Government challenges Number 4.

Mr. Brown.

Mr. Brown, do you have a challenge?

MR. MISHLER: We're reserving for this round, Your Honor.

THE COURT: Okay.

MR. MARSH: And so are we.

THE COURT: Okay.

Ms. Bliss?

MS. BLISS: We're reserving.

THE COURT: Mr. Tate? Ms. Martin?

MR. TATE: Strike Juror Number 7.

MR. MISHLER: It will be -- 43 is in Seat Number 7.

THE COURT: Yep. Seat Number 7, Juror 43, by Mr. Dallmann.

Ms. Armeni? Mr. Barnum?

MS. ARMENI: We'll wait, Your Honor.

THE COURT: All right. Round 2 for the Government.

MR. CHRISTIN: Your Honor, the Government strikes Juror Number 17.

THE COURT: Juror Number 17 is struck by the Government.

Mr. Brown?

MR. BROWN: Reserve, Judge.

THE COURT: Mr. Marsh?

MR. MARSH: We reserve.

THE COURT: Ms. Bliss?

MS. BLISS: Reserve.

THE COURT: Mr. Tate?

(Pause.)

THE COURT: Okay. 10 seconds or you're going to waive and we'll move on.

MR. TATE: We'll reserve right now.

THE COURT: All right.

Ms. Armeni?

MS. ARMENI: We're reserving.

THE COURT: Okay.

For Round 3, the Government.

MR. CHRISTIN: Court's indulgence, Your Honor.

THE COURT: For about 30 seconds.

MR. CHRISTIN: Your Honor, the Government is going to strike Seat 10, Juror Number 45.

THE COURT: Okay. The Government strikes Juror Number 45 in Seat 10.

Mr. Brown?

MR. MISHLER: We strike Juror Number 3.

MR. CHRISTIN: I'm sorry, Your Honor. We missed that. I apologize.

THE COURT: Juror Number 3 on behalf of --

MR. MISHLER: Garcia.

THE COURT: -- Garcia.

MR. MARSH: I think we're still allowed to reserve, and we will.

THE COURT: Yes, you are. Okay.

MS. BLISS: Your Honor, we're going to reserve, too.

THE COURT: Okay.

Mr. Tate?

(Defense counsel conferring.)

MR. TATE: Strike Juror Number 9, Seat 9.

THE COURT: Seat 9, Juror 9. Okay, Mr. Tate. On behalf of Mr. Dallmann, you all are out of challenges at this point. Doesn't mean you can't collaborate, obviously.

Ms. Armeni? Mr. Barnum?

(Defense counsel conferring.)

MS. ARMENI: Your Honor, we'll -- on behalf of Mr. Courson, we'll strike 43.

THE COURT: Seat 43? No. I'm sorry, joking. Seat --

COURTROOM ADMINISTRATOR: 7, sir.

THE COURT: -- 7.

MR. TATE: We already struck him.

THE COURT: They already struck --

MS. ARMENI: I thought so. Sorry. I'm looking at my notes.

THE COURT: So, anyone else?

(Defense counsel conferring.)

THE COURT: You got about --

MS. ARMENI: Your Honor, on behalf of Mr. Courson we'll exercise our challenge against Number 12.

THE COURT: All right.

Okay. Now to the Government, Round 4.

MR. CHRISTIN: Your Honor, the Government's going to strike Seat and Juror Number 25.

(Counsel counsel conferring.)

MR. CHRISTIN: I think --

THE COURT: Have you all not been marking --

MR. CHRISTIN: The official sheet is not up to date. It's up to date for the Government's, but I believe it's missing one of Mr. Dallmann's and one of Mr. Courson's, Juror 9 and Juror 12.

THE COURT: Okay.

MR. MISHLER: I don't think they were writing on the right sheet.

THE COURT: Okay. Well, you can write it on the official one. Go ahead, write the --

MR. CHRISTIN: Mr. Tate has the official one, so he's filling it in right now.

THE COURT: Okay.

MR. TATE: Juror 12 is by who?

MS. ARMENI: Mr. Courson.

MR. TATE: Courson.

MS. ARMENI: Yes.

THE COURT: Okay.

Mr. Brown, this is Round 4.

MR. MISHLER: There's one round after this, right? This is Round 4?

THE COURT: Yes.

MR. MISHLER: We're going to reserve then, Your Honor.

THE COURT: All right.

Mr. Marsh.

MR. MARSH: We'll reserve.

THE COURT: Okay. There's no reason to pass it if you're reserving. Just leave it right over here.

Ms. Bliss?

MS. BLISS: We'll strike Number 14.

THE COURT: Okay. Then you can hand it down to Ms. Bliss.

14, Ms. Bliss?

MS. BLISS: That's correct, Your Honor.

THE COURT: Ms. Armeni?

(Defense counsel conferring.)

MS. ARMENI: Your Honor, we will excuse 46.

THE COURT: On behalf of?

MS. ARMENI: Mr. Courson.

COURTROOM ADMINISTRATOR: In Seat?

MR. MARSH: 13.

THE COURT: 13.

COURTROOM ADMINISTRATOR: Thank you.

THE COURT: So Mr. Courson is out of challenges as well.

Who does the Government strike for Round 5?

MR. CHRISTIN: Court's indulgence, Your Honor.

(Prosecution conferring.)

MR. CHRISTIN: Your Honor, the Government's going to strike Seat 33, Juror Number 75.

THE COURT: So that's the Government's fifth challenge.

Mr. Brown.

I believe you have one challenge left.

You need to decide and move on.

MR. MISHLER: Strike Juror 65, sitting in Seat 21.

THE COURT: Okay. And that's Mr. Garcia's last challenge.

MR. CHRISTIN: What was the number?

MR. BROWN: 65.

THE COURT: Mr. Marsh? Seat 21.

COURTROOM ADMINISTRATOR: I'm sorry. Who did that one?

MR. MISHLER: Garcia.

THE COURT: Garcia.

MR. MARSH: Your Honor, Mr. Jaurequi will strike Juror

30. Sorry.

THE COURT: Juror 30?

Ms. Bliss?

MS. BLISS: May we have one second, Your Honor?

THE COURT: You have a few, not too many.

MS. BLISS: Yes, sir.

Let's see. I think 43 was stricken. (Pause.)

THE COURT: Ms. Bliss?

MS. BLISS: Yes, Your Honor. I am hurrying as fast as I can.

Let's see. We will strike Number 35.

THE COURT: And that is in Seat -- in Seat 35.

And that's Mr. Huber's last challenge.

Mr. -- or Ms. Armeni.

MS. ARMENI: I believe I used my two.

THE COURT: Okay. That's right. But have we -- let's see. Courson, Huber. So Mr. -- I think Mr. Jaurequi's the only one who has one left, I believe.

The Government for their final challenge.

MR. CHRISTIN: Your Honor, the Government is going to strike Juror Number 24. And I think I need to write that on the official. Thank you so much.

THE COURT: So for Mr. Jaurequi?

MR. MARSH: Do you have one left?

MR. MISHLER: No, we used both of ours.

MR. MARSH: Okay. Mr. Jaurequi will strike Juror Number 76, who's sitting in Seat 27.

THE COURT: Okay. So here's what I have for the jurors. Please pay attention. Juror Number -- in Seat 1 will be Juror Number 80. In Seat 2 will be Juror Number 57. In Seat -- will end up being Seat 3 will be Juror Number 5. In Seat 4 will be Juror Number 71. In Seat 5 will be Juror Number 59. In Seat 6 will be Juror Number 84. In Seat 7 will be Juror Number 61. In Seat 8 will be Juror Number 62. In Seat 9 will be Juror Number 72. In Seat 10 will be Juror Number 64. In Seat 11 will be Jury -- will be Juror Number 66. In Seat 12 will be Juror Number 23.

In Seat 13 will be Juror Number 73. In Seat 14 will be Juror Number 74. In Seat 15 will be Juror Number 51. And in Seat 16 will be Juror Number 68.

You all agree that those are the jurors for this trial?

MR. MISHLER: Perfectly done so far.

THE COURT: Any objection to the Court's identification of the jurors based upon the challenges? Let's bring the jury members back in. We'll announce who the jurors are for the case.

MR. MARSH: May I approach, Your Honor? This is the final.

THE COURT: Yes.

(Whereupon jury venire enters the courtroom at

5:25 p.m.)

THE COURT: You can sit wherever because we're going to announce who the jurors are.

(Court conferring with courtroom administrator.)

THE COURT: So, again, I want to thank you for your patience today. It's been a long day. I know that. Because we had so many of you call and because it's such a long trial, this has taken a little bit longer. But, again, thank you for your patience. I'm now going to announce the jurors who will be seated for this jury, and I'll announce the seats that you're going to be seated in.

In the first seat here will be Juror Number 80. So please come forward and take your seat here.

COURTROOM ADMINISTRATOR: Juror Number 80?

THE COURT: Juror Number 80. Is your Juror Number 80?

COURTROOM ADMINISTRATOR: Eight-zero.

THE COURT: Eight-zero.

I know sometimes we forget our numbers, and it's been a long day. I think I'd forget my own name at this point.

In the seat next to Juror Number -- Seat Number 2 will be Juror Number 57. In the third seat will be Juror Number 5. In the fourth seat will be Juror Number 71. In the fifth seat will be Juror Number 59.

Okay. In the sixth seat will be Juror Number 84. In the seventh seat will be Juror Number 61. In the eighth seat

the final seat, here, will be Juror Number 62.

Okay. And the ninth seat, which is up here, the top, will be Juror Number 72. In the 10th seat, which is right there at the top, will be Juror Number 64. In the next seat jury -- Seat Number 11 will be Juror Number 66. In the next seat, Seat Number 12, will be Juror Number 23. In the 13th seat will be Juror Number 73. In the 14th seat will be Juror Number 74. In the 15th seat will be Juror Number 51. And in the last seat will be Juror Number 68, the 16th seat.

So thank you all for your time today. You, who are seated here, are and will be the jury for this trial. 12 of you will be jurors and four of you will be alternate jurors. And I'll explain that to you as we move through the trial, but what we're going to do right now is I'm going to excuse you all and you're going to go back to the jury room --

COURTROOM ADMINISTRATOR: Want them sworn first?

(Court conferring with courtroom administrator.)

THE COURT: So what I'm going to ask you to do is -- well, we might as well just swear them in now. First, you need to be sworn in. So if you could stand and raise your right hand.

(Whereupon jury is duly sworn.)

THE COURT: All right. You can take your seats. So what we're going to do is you all are going to be excused and you are going to go to the jury deliberation room. Ms. Smith

will show you where that is. Since we started late -- since we ended late today, we'll start later tomorrow. Okay? So we will start at 10:30 tomorrow. So be here at -- try to be here by 10:15. Okay? And then we'll go until later in the afternoon.

You will get juror buttons. It's important that you wear the button and if you -- because you have to be buzzed back into the secure area here. Okay? If you are asked why you're buzzing, you say that you are in a trial and you're a juror for Judge Boulware. Those are the magic words. "I'm in a trial with Judge Boulware." Sort of like, you know, the Hogwarts with the magic word that opens up the door. You say I'm in a trial with Judge Boulware, they will then know that you're in a trial and they'll see your juror button and they will let you back. Because if you don't say those words and you have the button, they will not let you through. Okay?

We're going to ask you for contact information just so in case something happens we know to check on you to make sure you're okay. So we'll ask you for an e-mail address and a cell phone number. Okay?

So I'm going to excuse you now, members of the jury, so you can go back and see the deliberation room where you'll meet tomorrow at -- what did I say? 10:30?

COURTROOM ADMINISTRATOR: Report at 10:15.

THE COURT: Right. Report at 10:15. We'll start at 10:30. Again, thank you for your patience today.

COURTROOM ADMINISTRATOR: Please follow me. Ladies and gentlemen, please rise for the jury members.

(Whereupon jury leaves for the day at 5:32 p.m.)

THE COURT: You all can take your seats. I'm standing because I have been sitting all today.

The rest of you, thank you for your time and patience today. I truly appreciate you, but you are excused. I'm going to step down and say thank you. You are all excused. We'll be in recess for counsel for just a few minutes.

(Recess taken at 5:33 p.m.)

(Resumed at 5:35 p.m.)

THE COURT: Okay. So here's just the game plan for tomorrow. Even though they get to come in late, that doesn't apply to you all.

MR. MISHLER: Shocked, I tell you, shocked.

THE COURT: Right. So you all need to be here by no later than 8 o'clock tomorrow morning. What's going to happen is we'll send you the preopening instructions, and then we'll have a preopening instructions conference to go through some of the language there. Okay?

And then I'll instruct the jury. It will probably take maybe 20 minutes or so. And then you get to do openings. 30 minutes for the Government. 20 minutes max for each defendant. Okay?

And then after that we'll probably take our lunch

break, and then the Government will start calling witnesses. Now, as I understand it, there may be some concern about openings.

So is there an issue that I need to address now as it relates to the PowerPoint?

MR. CHRISTIN: So, Your Honor, I think there -- the Court had instructed us to share opening slides in advance. Ms. Bliss shared her slides last week. The Government indicated they would object on relevance basis. And then the Government shared its slides over the weekend, and I think Mr. Tate indicated that they would plan on objecting. And I think that Mr. Marsh and cocounsel indicated they'd planned on objecting. And I'm not sure if I got any other responses to that.

THE COURT: So what you should do is submit to my chambers your opening PowerPoint.

MR. CHRISTIN: I have a copy for Your Honor right now, but I can also e-mail it.

THE COURT: Yes, I don't do the paper thing unless I have to because it will just get lost. So please e-mail it to me, right.

Then what you should do, right, is e-mail, copying opposing counsel, your objections to the slides tonight, right. We're not doing this tomorrow. So I'll give you until 8:30.

If you just say "relevance" and nothing more, I'm not going to actually spend much time on that. So if you don't

explain it to me, then I'm not going to consider your objection. Just saying "relevance" is not sufficient. I'm telling you that now. So you'll have to give me an actual detailed explanation so I can render a decision ahead of time or at least think about it. Okay?

MR. TATE: Where would we e-mail that? What e-mail address?

THE COURT: Ms. Smith.

MS. MARTIN: Who?

THE COURT: Ms. Smith, my deputy.

MR. TATE: Okay.

THE COURT: Ms. Reich-Smith.

MS. BLISS: Oh, I'm sorry.

THE COURT: Yes, Ms. Bliss.

MS. BLISS: I was just going to ask, instead of -- I would prefer just joining the objections that Mr. Tate prepared in a memorandum. So when he e-mails it, may I just e-mail --

THE COURT: No.

MS. BLISS: No?

THE COURT: No. Each of you will have to separately e-mail me, right, your objections. Now, if you want to say, "We are objecting for the same reasons that is provided in the particular e-mail," you can say that.

MS. BLISS: Okay. Thank you.

THE COURT: But it's not joinder because it's not a

motion. Because I want to try to keep the e-mail chain simple. Okay?

So if you all want to arrange amongst yourself who's going to go first and then what the order's going to be, but what I don't want to have is for you, for example, Ms. Bliss -- I'm not saying you do this -- e-mail saying "I join this." And then someone else e-mails an objection, and then somebody jumps back on who's already e-mailed me to say, "Oh, yeah. I forgot. I want to join that objection, too." You get one e-mail, okay, one. And that's it.

And then don't come here in the morning and say, "I forgot and didn't e-mail." You get one shot at this, right. So we're going to try to be as efficient as possible today. Today will hopefully be the longest day we'll ever have to spend in court on this case in trial.

But, you know, as we needed to get the jury, we barely made that, it was necessary. Okay?

Any questions about that?

MR. CHRISTIN: No questions, Your Honor, but just a point of clarification for the benefit of Defense. The Government has actually revised its slides and has removed some of them just to tailor its opening and kind of streamline things. So they may want to wait to see our slides. There's nothing new, just some have been removed.

THE COURT: So why don't we make this simple. Send

opposing counsel your presentation, copying Ms. Smith. You all will do the same if you're using slides or exhibits, right, or whatever you're going to be showing. Just because you're showing it on paper does not mean that you don't have to let people know about it. I just want to be clear about that.

So if you're going to show an exhibit or you're going to have an demonstrative, you need to be able to send it digitally so they can see it. Okay?

MS. BLISS: Your Honor, since I've already done that, do I need to do it again just to keep everything together or what is your preference?

THE COURT: Well, they're changing their slides, right. If you're saying you're not going to change yours, that's fine.

MS. BLISS: No.

THE COURT: Okay.

Which of the defendants actually have a PowerPoint that you're going to be presenting? Raise your hand if you're going to do that.

MS. BLISS: No. I just had a couple of pictures. That was it.

THE COURT: So you had a couple of pictures?

MS. BLISS: Yes, Your Honor.

THE COURT: Okay. And that was it?

MS. BLISS: Yes.

THE COURT: Is anyone else showing any documents or

demonstratives, other than Ms. Bliss? Mr. Marsh?

MR. MARSH: I think it kind of depends on what's in your opening instructions.

THE COURT: Okay. Well, what I'm saying to you is you have to decide now. I can't decide things with this many defendants, Mr. Marsh, right, at the last minute.

MR. MARSH: That's fine, Your Honor. I'm good. I'm good.

THE COURT: So you can say, "This is what we're thinking of doing," and then you can pull it, right. There's no issue with that. So if you think you might want to show something, you can say, "This is what we're contemplating showing." But what I don't want to do is have you then say tomorrow, "Oh, now we want to show this exhibit." Because if you say you want to use it and then you pull it, that's easier for us to deal with administratively, obviously, then coming forward after the instructions have come out with an exhibit that no one's had a chance to consider. Okay?

All right. Perfect. Anything else we need to address at 5:43 today?

MR. CHRISTIN: Your Honor, I apologize for doing this, but I'd like to put something on the record.

When Your Honor called the jurors into the box and asked them to stand up and swear out an oath, Juror Number 61 who's in Seat Number 7 did not respond to Your Honor in any

nonverbal way or verbal way when asked to -- to give an oath. So there was no acknowledgment at all, and I wanted to put that on the record for Your Honor.

THE COURT: Okay. Are you asking me to do something about that?

MR. CHRISTIN: I would like for Juror Number 61 to acknowledge that he has an oath of being a juror. He also seemed to exhibit some displeasure about being on the jury. So I want to -- I want to put that on the record now in the hopes that we don't have to do this again.

THE COURT: Okay. Thank you.

All right. Anything else we need to address today?

MS. BLISS: Just a question logistically. Will the openings for the defendants be by defendant number? So Mr. Tate or Ms. Martin would go first and then down the line like that or...

THE COURT: That's a good question.

I think the jurors have already been conditioned to the order that we set up. So like it or not, Mr. Mishler and Mr. Brown, you all will always be going first. Although actually, no, I take that back. We'll switch it up because they have the lead defendant. We'll start in the back and then serpentine around. Okay. We'll do it that way. So we'll start with Mr. Dallmann's counsel, and then we'll just go around this way and then come around this way.

So since you went first this time, Mr. Brown and Mr. Mishler, you'll go last --

MR. BROWN: Story of my life, Your Honor.

THE COURT: -- throughout the trial. Okay? And that will be the order of the questioning, too. Okay?

All right. Anything else?

MR. BROWN: 8 a.m.?

THE COURT: Are we ready to go?

MS. BLISS: Yes, Your Honor.

THE COURT: I will -- again, because it's a little bit later, that's why it's a little bit warmer in here. I am going to tell them to turn the air up, but it is mostly warm today because we had so many people in here. I expect that when the trial starts it won't be quite as warm. If it is, then we'll deal with that.

MS. MURALIDHARA: Judge, can we leave some things at table?

THE COURT: Yes, you can leave things at table. No one is going to be in here. And if there is someone going to be in here during a time when we have a hearing or something, I'll let you all know. But for now you will able to leave things here. Okay?

MS. BLISS: Your Honor, we can also leave things in the witness room that I'm going to -- I'm responsible for shutting the door so it's locked at night.

THE COURT: I'm sorry. Have you arranged that with my deputy?

MS. BLISS: I did, Your Honor.

THE COURT: Okay.

MS. BLISS: Definitely.

THE COURT: If you arranged already logistically, that's fine. You don't need to get my permission for that. Okay?

MS. BLISS: And then some of us have parked in the lot and I think we all have to leave together. I'm not sure -- I did. I don't know who else did.

MR. MISHLER: They only want the marshals to make the trek to the lot once.

THE COURT: I'm sorry?

MR. MISHLER: They only want the marshal to let us into the parking lot one time. So they want us to go as a group, anybody who parked in there. It's fine. We already know.

THE COURT: Okay. So you all have to leave together or you're trapped here? Okay. Well, just keep that in mind.

MR. MISHLER: Just until tomorrow.

THE COURT: Because, you know what, we can get you a cot in the parking lot if you need one. All right. So we'll see you all tomorrow at 8 o'clock.

MR. BROWN: Thanks, Judge.

THE COURT: Thank you. Thank you for your time today.

(Whereupon the proceedings concluded at 5:46 p.m.)

--oOo--

COURT REPORTER'S CERTIFICATE

I, PATRICIA L. GANCI, Official Court Reporter, United States District Court, District of Nevada, Las Vegas, Nevada, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Date: May 29, 2024.

/s/ **Patricia L. Ganci**

Patricia L. Ganci, RMR, CRR